NOT DESIGNATED FOR PUBLICATION

No. 114,322

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARTADIUS JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed April 22, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*: Artadius D. Johnson appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Johnson's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response and requested that the district court's judgment be affirmed.

On April 24, 2014, Johnson pled no contest to one count of robbery. On May 29, 2014, the district court imposed a presumptive sentence of 128 months' imprisonment but granted a dispositional departure to probation with community corrections for 36 months. Johnson did not timely appeal his sentence.

1

On May 13, 2015, a warrant was filed alleging that Johnson had violated his probation by associating with known gang members, by failing obey his curfew, and by failing to refrain from the use of alcohol. At a hearing on May 28, 2015, Johnson stipulated to violating the terms of his probation. Johnson asked for reinstatement to probation, arguing that he had taken responsibility by stipulating to the violations, that he already had served 16 days in jail as a result of the violations, that he had a job and a drug and alcohol evaluation scheduled, and that he had financial obligations, including child support and restitution that would be better served by reinstatement to probation. The district court rejected Johnson's arguments, revoked his probation and ordered him to serve a modified sentence of 114 months' imprisonment, specifically finding that reinstating Johnson on probation would be a threat to community safety interests. Johnson timely appealed his probation revocation.

On appeal, Johnson argues that the district court erred "by revoking probation and ordering service of the underlying modified prison sentence." Johnson acknowledges that the district court has discretion to revoke probation upon a showing that he violated the terms of his probation.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Johnson acknowledges, K.S.A. 2015 Supp. 22-3716(c)(9) provides that the district court may revoke probation without having previously imposed an intermediate sanction if the court finds that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction. At the probation revocation hearing, the State pointed out that Johnson continued to associate with known gang members at a nightclub where a shooting took place and a young man was killed. According to the police report, Johnson was, in fact, the intended victim of the shooting. The district court specifically found that reinstating Johnson to probation "would be a threat to community safety interests." On appeal, Johnson makes no attempt to argue that the district court abused its discretion in making this particular finding. See *Stafford*, 296 Kan. at 45 (burden on defendant to establish abuse of discretion).

Here, the district court showed leniency by originally granting Johnson a dispositional departure to probation. The district court further showed leniency by modifying Johnson's prison term from 128 months to 114 months. The district court's decision to revoke Johnson's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Johnson's probation and ordering him to serve a modified prison sentence.

Affirmed.